## PARK v. McCULLEY.

Defendant, a real estate agent, contracted with plaintiff, also a real estate agent, to pay plaintiff $1.25 per acre, or one-half of all commissions made by defendant on all lands sold to purchasers brought to defendant's office by plaintiff, such commissions to be paid to plaintiff as soon as defendant should receive his commission from such sales, and that plaintiff would bring all his land buyers to defendant. **Held** that, under the contract, plaintiff's right to compensation was not limited to sales in which commissions were actually paid in money and received by defendant, but if a sale were made by defendant, so that commissions could not be collected on the sale, plaintiff would be entitled to compensation at the rate of $1.25 per acre on the land sold, and was entitled to such compensation under the contract where defendant himself purchased land of a third person, and subsequently entered into a binding contract for sale thereof with a purchaser furnished by plaintiff.

Plaintiff and defendant were not engaged in a joint enterprise under the contract, though, while there was a mutual contract, each party in its performance acted independently of the other, plaintiff when he had secured and turned over to defendant all his purchasers of real estate having complied with his contract, and having no responsibility in the matter of accomplishing sales which were to be made by defendant.

Haney, J., dissenting.

(Opinion filed June 6, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Frank Park against W. A. McCulley. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*E. E. Cassels* and *A. W. Campbell,* for appellant. *Taubman & Williamson,* for respondent.

SMITH, P. J. [1] Plaintiff was engaged in the real estate business at Princeton, Ill. Defendant was engaged in the same business at Oakes, N. D. On September 26, 1906, plaintiff and defendant entered into a written contract as follows: "Contract with Agents. This agreement, made and entered into this 26th day of Sept., A. D. 1906, by and between W. A. McCulley Land

Company, of Oakes, Dickey county, North Dakota, party of the first part, and Frank Park, of Princeton, county of Bureau and state of Illinois, party of the second party, witnesseth: That the party of the first part agrees to give and pay to the party of the second part the sum of $1.25 per acre, or one-half ($\frac{1}{2}$) of all commissions made by said party of the first part, on all lands sold to purchasers brought to their office by the party of the second part, said commissions to be paid to the party of the second part as soon as the party of the first part receives its commission on such sales. And the said party of the second part hereby agrees to bring all his land buyers to the party of the first part during the year intervening between Sept. 26, A. D. 1906, and Dec. 30, A. D. 1907, and to accept one-half of the commissions made on the sales to the men that he brings to the party of the first part, as full pay for all his services. Said commission to be paid out of the first money paid on the land in the transaction, that can be applied for that purpose." Pursuant to this contract, plaintiff brought to defendant as a purchaser one Gustav C. Loeb, and on October 3, 1906, said Loeb entered into a written contract for the purchase of land, as follows: "Earnest money contract of sale, Oakes, Oct. 3, 1906. Received of Gustav C. Loeb of Howard, So. D., Ck. $1,000.00. Due ———. Cash $——. Total $——, as earnest money and in part payment for the purchase of the following described property situated in the county of Dickey and state of North Dakota, viz.: Southwest $\frac{1}{4}$ Sec. 21 and northwest $\frac{1}{4}$ Sec. 28, township one hundred thirty, range fifty-nine, S. W. $\frac{1}{4}$ 21 and N. W. $\frac{1}{4}$ 28, town 130, R. 59, which we have this day sold and agree to convey to said Gustav C. Loeb, for the sum of seven thousand six hundred and fifty-five dollars ($7,655), on terms as follows, viz.: One thousand dollars ($1,000) in hand paid as above stated, and $1,000 when abstract showing clear title is given. $1,000 on or before Nov. 1, 1907, $920 on or before Nov. 1, 1908. $920 on or before Nov. 1, 1910. $2,815 on or before three years. With interest on deferred payments at 6 per cent. from date, payable annually, payable on or before the dates above named, or as soon thereafter as warranty deed conveying a good title to the said land is tendered, time being considered

of the essence of this contract. And said sale is made subject to the approval of the owner of this land; should he disapprove of the sale, or if the title cannot be obtained on said terms, then and in that case, funds to be returned, and W. A. McCulley Land Co. released from any liability. And it is agreed that if the title to the said premises is not good and cannot be made good, this agreement shall be void, and the said earnest money refunded. But if the title to said premises is good, in the name of the grantor, and said purchaser refuses to accept the same, said earnest money shall be forfeited to W. A. McCulley Land Co. as liquidated damages. But it is agreed and understood by all the parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract. W. A. McCulley Land Co., per W. A. McCulley. I hereby agree to purchase the property for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture and all other conditions therein expressed. Gustav C. Loeb. [Seal.]"

At the time of making this contract, the purchaser, Loeb, paid to the defendant, McCulley, the sum of $1,000 as recited in the contract. When this contract was made, the land was not owned by McCulley, but was owned by a Mr. Fell, a resident of Minnesota. The land was occupied, and had been occupied for three years, by one Hudson, a tenant of Fell. Hudson during his tenancy built certain fences and erected a shed and windmill on the premises for his own use as a tenant, which improvements were owned by him. The first $1,000 payment on the contract was turned over to Fell, the owner of the land, by McCulley, with a request for the execution of a deed from Fell to Loeb. Fell furnished abstract showing clear title to the land, and executed and forwarded a deed to Loeb, which reserved title to the fences, shed, and windmill as the property of the tenant, Hudson. Loeb refused to accept the deed or close the sale because of the reservations in the deed, offering no other objection whatever to closing the deal. Upon Loeb's refusal to accept the deed, McCulley himself purchased the land from Fell, and received a deed therefor. After ineffectual attempts to close the deal with Loeb under the

contract, defendant sold the land to another purchaser, and plaintiff brings this action to recover commissions at the rate of $1.25 per acre, founding his right to recover on the contract above set forth. The trial court awarded plaintiff a judgment for commissions at the rate of $1.25 per acre aggregating the sum of $400 and interest and interest and costs, in all $529.65. This appeal is from the judgment and order overruling defendant's motion for a new trial.

Appellant insists that, before plaintiff can recover commissions, it must appear that a sale to the purchaser introduced by plaintiff has been consummated or such consummation prevented by fraud or bad faith of defendant, and that such facts do not appear in this case. It is insisted by appellant that, under this contract, no commissions are due plaintiff until it is shown that the defendant, McCulley, has himself received commissions, and that commissions are to be paid only "out of the first money paid on the land * * * that can be applied for that purpose." Appellant also contends that unless commissions have been received by McCulley on the sale of these lands, or unless money has been received by him which was for commissions or could properly be so applied, no commissions are due, and a recovery cannot be had in this action. Appellant further contends that the $1,000 paid defendant by Loeb, the purchaser, was not to be applied, and could not have been applied, on the payment of commissions, but was required to be paid to the owner of the land and applied on the purchase price. These contentions make it necessary to briefly analyze the provisions of the contract between plaintiff and defendant. It provides that the defendant shall pay plaintiff "the sum of $1.25 per acre, or one-half (½) of all commissions made by said party of the first part, on all lands sold to purchasers brought to their office" by the plaintiff, "* * * said commissions to be paid to the party of the second part as soon as the party of the first part received his commissions on such sales." It will be observed that the contract applies to all lands sold to purchasers procured by plaintiff, whether the lands belong to the defendant himself or to customers or owners from whom he has listed them for sale. Appellant's construction of this contract limiting plaintiff's

right to. compensation only to sales in which commissions are actually paid in money and insisting that no commissions are due until the commission has actually been paid to defendant is too narrow. It is self-evident that defendant cannot receive cash commissions on sales except such as are made on behalf of those who have listed property with him for sale. If this contention is correct, it would necessarily follow, under such a construction of the contract, that defendant could sell his own property in any amount or upon any terms or conditions to purchasers brought to his office by the plaintiff, and incur no liability whatever on account of such sales. It is practically this construction, it seems to. us, for which appellant is contending. It would follow, if this view is correct, that defendant, as he has done in this case, might himself enter into contracts to convey lands of his clients listed with him for sale to purchasers procured by the plaintiff, and incur no liability for commissions under the contract. It seems to us that such a construction should. not be adopted unless it is plainly impossible to find a more reasonable one. It will be observed that plaintiff is bound to bring all his land buyers to the defendant during the entire period between September, 1906, and December, 1907, and for such services is to receive commissions on all sales to the persons he brings. The defendant by the contract agrees to pay to plaintiff "the sum of $1.25 per acre, or one-half (½) of all commissions made by said party of the first part, on all lands sold to purchasers." It seems to us the parties entering into this contract had in mind the different modes in which sales might be made, or in which commissions on sales might be earned or received. The defendant binds himself to pay commissions in one of two ways: Either a commission computed at the rate of $1.25 per acre on the number of acres of land sold, or a commission equal to one-half of commissions received by the defendant on sales. It is the contention of defendant in this case that plaintiff is not entitled to any compensation whatever until defendant has received commissions on the sale. It is, however, not sufficient to allege that plaintiff shall receive no compensation because one of the modes in which commissions are to be computed and paid

under the contract has failed, and to claim that he cannot recover, even though he has performed all the services required of him under the contract. If the sale has been made by defendant in such manner that commissions cannot be collected on the sale, it seems to us that resort may be had to the other mode of computing commissions provided in the contract, viz., at the rate of $1.25 per acre on the land sold. It seems to us appellant is wrong in his view of the transactions contemplated by the contract.

[2] He contends that it is a contract between two real estate agents for a division of commissions "earned in their joint enterprise," and that the contract contemplates that neither owns lands that are to be sold. It is inaccurate, it seems to us, to say that plaintiff and defendant are engaged in a joint enterprise under the terms of this contract. It is true there is a mutual contract, but in its performance each party acts independently of the other. Neither party has anything to do with that portion of the contract to be performed by the other. The plaintiff when he has procured and turned over to defendant all his purchasers of real estate has complied in full with the terms of his contract, and has no part or responsibility in the matter of accomplishing sales, which are to be made by defendant. The matter of providing lands and making sales to purchasers rests wholly with defendant, while the procuring purchasers for defendant's lands rests wholly with plaintiff, in the contemplated mode of carrying out the terms of the contract. It is clear, therefore, that plaintiff is entitled to compensation for every purchaser furnished by him to whom land is actually sold by defendant, and that defendant is not limited in any manner by the terms of the contract as to the methods he may adopt in accomplishing sales. The defendant may sell his own lands to the purchaser, or may purchase lands listed with him from his customers and sell them to such purchasers, or may even contract to sell lands belonging to others, and to which he has no title, taking his own chances on being able to procure title thereto. But when he has entered into a binding contract with a purchaser, whether it be a sale of land he owns himself, or land to which he is to procure title, or where he has obtained a binding contract between the owner of land and a purchaser, in either

event the right of plaintiff to compensation becomes fixed. If the method of sale adopted be such that cash commissions constitute the compensation, plaintiff's share does not become due and payable until defendant has received the commission, and, until it is so received, plaintiff cannot maintain an action. We need not at this time determine the rights of plaintiff in all cases supposed. It is sufficient to say that ,where defendant sees fit himself to become the seller of land to a purchaser, his liability to plaintiff for compensation attaches, and plaintiff may rightfully claim that it be computed in a mode applicable under the conditions of the sale— either in cash, or at the rate of $1.25 per acre of the land sold. The provisions of the contract as to the time plaintiff's compensation becomes due and payable where cash commissions are received, however, have no application to and cannot be held to affect plaintiff's claim for commissions in the case at bar. The defendant entered into valid and binding contract of sale with Loeb, a purchaser furnished by plaintiff. The contract could have been specifically enforced by either party, because defendant in fact acquired title to the land. And, even though defendant had not acquired or could not acquire title, he would still be liable in an action of damages in case of a failure to convey. Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868. Nor is it apparent in this case that the payment of a commission by Fell, the owner of the land, was ever contemplated, nor is the price at which defendant purchased the land from Fell disclosed by the record. However, on the trial, defendant offered as a witness one Bourne, his clerk and bookkeeper, who testified without objection, "We paid $1.25 commission on land that we owned or controlled, and on trading propositions we divided it up," apparently in explanation of the commissions provided for in the contract with plaintiff. This evidence is clearly in line with the interpretation we have placed on the written contract. Appelant, however, contends that, because he sublisted the land from the bank, he did not own or control it, and the rate of $1.25 per acre commission is not applicable. The undisputed evidence shows that he assumed to control the land when he contracted in his own name to sell it to Loeb and tendered performance by a deed containing reservations not pro-

vided for in his contract of sale. Under such conditions, defend-ant is clearly estopped to say that he did not "control" the land he assumed to control, and sold to a purchaser furnished by plaintiff, and to thereby defeat plaintiff's claim for compensation. If this mode of computing plaintiff's compensation be admissible, and we think it is, there can be no contention but that the commission is due and is collectible in this action. The fact that an action is pending in the North Dakota court in which Loeb seeks to recover from defendant the $1,000 paid on the contract is wholly im-material in this case.

We find no error in the record, and the judgment and order of the trial court are affirmed.

HANEY, J., dissenting.